IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | | |
|---|---|---|
| MIDWEST PRIDE II, INC. | ) | CASE NO. |
| 6133 OH 95 | ) | |
| Mt. Gilead, Ohio 43338 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR DECLARATORY |
| vs | ) | JUDGMENT, PRELIMINARY INJUNCTION, |
| | ) | PERMANENT INJUNCTION, AND |
| FRANKLIN TOWNSHIP, OHIO | ) | ATTORNEYS' FEES |
| c/o Thomas Smith, Morrow County | ) | |
| Prosecutor | ) | |
| 60 East High Street | ) | |
| Mount Gilead, Ohio 43338 | ) | |
| | | |
| Defendant. | | |

PARTIES AND JURISDICTION

1.      Plaintiff Midwest Pride II, Inc, ("Midwest Pride") is a corporation organized and existing

under the laws of Ohio, which operates a business in Franklin Township, Morrow County, Ohio.

2.      Defendant Franklin Township, Ohio, is a township organized and existing under the

Constitution and laws of the State of Ohio.

3.      Plaintiff Midwest Pride is engaged in the retail sale of constitutionally protected, sexually

oriented expressive materials at its leasehold, as well as the sale of other merchandise, to its

patrons. It provides no onsite entertainment to its customers.

4.      It arranged for and passed the necessary safety and building inspections, was issued a

certificate of occupancy for its premises. It opened for business on October 24, 2023.

5.      Franklin Township has on its books an ordinance entitled, "Regulations Governing

Sexually Oriented Businesses and Employees" that it adopted on November 14, 2022. That law

1

imposes licensing and operational requirements, a criminal penalties for the violation of its provisions, on establishments that fall within the law's coverage. A copy is attached as Exhibit A.

6.     Franklin Township also has on its books an ordinance entitled, "Regulations Governing Criminal Conduct in Sexually Oriented Businesses," that it adopted on November 14, 2022, which imposes operational requirements on businesses falling within its scope, and criminal penalties for their violation. A copy is attached as Exhibit B.

7.     Midwest Pride is threatened with the enforcement of both the "Regulations Governing Sexually Oriented Businesses and Employees" and "Regulations Governing Criminal Conduct in Sexually Oriented Businesses" against it.

8.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this being a civil action arising under the Constitution and the laws of the United States. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988, this being an action for declaratory judgment and equitable relief, damages, and attorneys' fees authorized by law to redress deprivations under color of law of rights, privileges and immunities secured by the Constitution of the United States. Jurisdiction over Plaintiff's state law claim is conferred by 28 U.S.C. §1367.

9.     Venue in this judicial district is conferred by 28 U.S.C. §1391(b) because Plaintiff and Defendant are both located in this judicial district and the events giving rise to Plaintiff's claims took place in this judicial district.

10.     At all times pertinent to this Complaint, and in taking all of the actions described in this Complaint, Defendant, its officers, agents and employees, acted under color of law and were

effecting, and will effect, the custom, policy and laws of Franklin Township, Ohio.

FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

<u>The Authority of Townships in Ohio is Limited</u>

11.     Townships in Ohio have no inherent or constitutionally granted police powers, and the extent of the police powers that townships in Ohio do have is limited to those delegated by the General Assembly.

12.     Ohio townships do not have the authority and power to enact ordinances. Ohio townships also lack the authority to enact felony criminal offenses.

13.     Ohio Rev. Code §503.52 grants townships the power of self-government regarding the operation of "adult entertainment establishments" within their territorial limits and to adopt and enforce local police, sanitary, and other regulations that are not in conflict with the general laws. The Revised Code mandates that this power "shall be exercised by the adoption of resolutions." *Id*.

14.     Ohio Rev. Code §503.51 states, in pertinent part:

> As used in sections 503.51 to 503.53 of the Revised Code, "adult arcade," "adult bookstore," "adult novelty store," "adult video store," "adult cabaret," "adult entertainment establishment," "adult motion picture theater," "adult theater," "distinguished or characterized by their emphasis upon," "nude or seminude model studio," "nudity," "nude," "state of nudity," "regularly features," "regularly shown," "seminude," "state of seminudity," "sexual encounter establishment," "specified anatomical areas," and "specified sexual activity" have the same meanings as in section **2907.39** of the Revised Code." (emphasis added).

15.     The terms "adult bookstore" "adult novelty store" and "adult video store" are specifically defined in R.C. 2907.39 as

> (2)(a) a commercial establishment that, for any form of consideration, has as a significant or substantial portion of its stock-in-trade in, derives a significant or substantial portion of

3

its revenues from, devotes a significant or substantial portion of its interior business or advertising to, or maintains a substantial section of its sales or display space for the sale or rental of any of the following:

> (i) Books, magazines, periodicals, or other printed matter, or photographs, films, motion pictures, video cassettes, compact discs, slides, or other visual representations, that are characterized by their emphasis upon the exhibition or description of specified sexual activities or specified anatomical areas;

> (ii) Instruments, devices, or paraphernalia that are designed for use or marketed primarily for stimulation of human genital organs or for sadomasochistic use or abuse of self or others.

(b) "Adult bookstore," "adult novelty store," or "adult video store" includes a commercial establishment as defined in section 2907.38 of the Revised Code. An establishment may have other principal business purposes that do not involve the offering for sale, rental, or viewing of materials exhibiting or describing specified sexual activities or specified anatomical areas and still be categorized as an adult bookstore, adult novelty store, or adult video store. The existence of other principal business purposes does not exempt an establishment from being categorized as an adult bookstore, adult novelty store, or adult video store so long as one of its principal business purposes is offering for sale or rental, for some form of consideration, such materials that exhibit or describe specified sexual activities or specified anatomical areas.

16.    Plaintiff's business falls within the definition of an "adult bookstore, adult novelty store or adult video store" set out in R.C. 2907.39.

<u>Franklin Township Deviates From the Enabling Statutes</u>

17.    On November 14, 2022, the Franklin Township Board of Trustees adopted "Regulations Governing Sexually Oriented Businesses and Employees" ("Regulations"), pursuant to Ohio Rev. Code 503.51, 503.52 and 715.55 of the Revised Code."

18.    The Regulations were not adopted pursuant to a resolution by the Franklin Township Board of Trustees, as Ohio Rev. Code §503.52 requires. Rather, Section I(A) explains the Franklin Township Board of Trustees acted pursuant to Sections 503.51 and 503.51,"[i]n

enacting **this Ordinance**." (Emphasis added)

19.    The Board reiterated its intention to enact an ordinance and not a resolution in Section

I(B), for at the conclusion of that section, the Regulations state, "The enactment of **this**

**Ordinance** will promote the general welfare, health, morals and safety of the citizens of this

Township." (Emphasis added). Indeed, the term Ordinance is used more than 60 times

throughout the Regulations, while the term Resolution is entirely missing.

20.    The Regulations Franklin Township adopted deviate from the authority delegated to it by

the General Assembly in other ways as well. Specifically, as noted above, Ohio Rev. Code

§503.51 provides that "adult bookstores," "adult video stores" and adult novelty stores" have the

same definitions as in R.C. 2907.39. But Section II(A)(1) of the Regulations ignores the statutory

command and states:

> As used in this Ordinance:
>
> (1) adult bookstore, adult cabaret, adult motion picture theater,
> adult video store, characterized by, nude, nudity, state of nudity,
> seminude, state of seminudity, sexual device ,sexual device shop,
> sexual encounter center, specified anatomical areas, and specified
> sexual activity, have the same meaning **as in Section 2907.40** of
> the Revised Code. (emphasis added).

21.    The Regulations omit critical text in a number of places throughout the Ordinance.

22.    The first instance of missing language appears in Section I, titled "Purpose and Intent."

Paragraph (C)(8) of that section explains, "(8) The findings noted in divisions (C)(1) to (14) of

this section raise substantial governmental concerns." *Id*.

23.    Section C, however, does not have 14 divisions, as paragraph (8) says it does; Section

I(C) contains only 10 divisions. *Id*.

24.     Further, throughout the Township's Ordinance, various terms or sections are footnoted, but the text of the footnote is missing, leaving one to guess at the law's meaning. Section II, for example, is entitled "Definitions," and footnote 3 appears in superscript immediately following that title. But footnote 3 does not appear anywhere in the Regulations. *Id*.

25.     The text of footnotes 4, 5, 6, 8, 11, 15, 17, 18 and 19 are missing. Footnotes 7, 9, 1, 12, 13, 14, and 16 are missing entirely.

26.     Section XVIII's prohibitions are completely unascertainable because of the critical language that is omitted. Paragraphs 2 and 3 of that section read:

> (2)     Any employee appearing on the premises of a sexually oriented business in a state semi-nudity, as defined by this Ordinance, must be on a stage that is at least **[zero (0) up to twenty-four (24)]** inches from the floor, and at a distance at least **[zero (0) up to thirty-six (36)]** inches from all parts of a clearly designated area in which patrons will be present.
>
> (3)     All live entertainment and performances in a sexually oriented business must take place on a stage that is at least **[zero (0) up to twenty-four (24)]** inches from the floor and a distance of at least **[zero (0) up to thirty-six (36)]** inches from all parts of a clearly designated area in which patrons will be present.

*Id*. (emphasis original).

27.     Paragraphs 5 and 6 of that section are also "fill in the blank" and omit critical language:

> (5)     No employee shall knowingly or intentionally, in a sexually oriented business, appear within view of any patron in a nude or semi-nude condition unless the employee, while nude or semi-nude, shall be and remain at least **[zero (0) up to (6)]** feet from all patrons.
>
> (6)     Employees in a sexually oriented business shall maintain a minimum distance of **(0) up to (5)]** feet from areas on the business premises occupied by patrons for a minimum of **[zero (0) up to** sixty **(60)]** minutes after the employee appears in a nude or semi-nude condition within view of any patron. This regulation is not intended to prohibit ingress or egress from the premises. It is intended to control illicit sexual contact and reduce the incidents of prostitution occurring in the establishments.

*Id.* (emphasis original)(footnotes omitted).

6

28. Section XI(B) of the Ordinance, which deals with appeals from a license denial or suspension, states that if the Board of Trustees does not rule on an appeal within the time limits set out in Section IX(A), the denial or suspension is deemed affirmed. But Section IX(A) deals with the grounds the Township may suspend a license for up to 30 days; it has nothing to do with time limits.

29. Finally, the Township's Ordinance contains an Appendix that has no relation to the rest of the law and appears to be a list of additional restrictions to consider, along with a missing footnote 27.

<u>The Regulation's Licensing Scheme</u>

30. Section III(A) of the Regulations declares that no person shall "operate a sexually oriented business . . .without a valid sexually oriented business license issued by Franklin Township pursuant to this Ordinance." It also prohibits any person from retaining the services of person as an employee at such a business "who is not licensed as a sexually oriented business employee by Franklin Township pursuant to this Ordinance."

31. Section III(B) of the Regulations provides that anyone who either operates a business without a license, or hires an individual to work who does not have an employee license, is guilty of a fourth degree felony for a first violation, and a second degree felony for a second offense.

32. Section III(D) makes it unlawful for anyone to act as an employee without having secured "a sexually oriented business employee license. . .pursuant to this Ordinance."

33. Section IV of the Regulations describes the procedure to obtain a business license from the Township, and Section IV(B) imposes a licensing fee of $1,500.

34. According to Section IV(C)(2), an application by a corporation has to be signed by each

7

officer or director, as well as by any individual owning more than fifty percent of the shares, and anyone with an ownership interest who will be principally responsible for the business's operation. An application by other business entities must be signed by any person entitled to share in the profits or losses who will be principally responsible for the operation of the proposed business.

35.     The application must also designate one or more persons who will be principally responsible for the day to day operation of the business. Section 4(D). "Each person so designated, as well as the business entity itself, shall be considered a license applicant, must qualify as a licensee under this Ordinance, and shall be considered a licensee if a license is granted." *Id.*

36.     Paragraph IV(E) requires, among other things, that an applicant that is a corporation must disclose the names of its officers and directors, its statutory agent and the agent's address for service of process, its trade name and proof of registration of its trade name, state whether the applicant has had a license "under this Ordinance or other similar regulation of another jurisdiction denied, suspended or revoked," and set out the name and location of such business, the date of the denial, suspension or revocation, and whether an applicant has been a partner, officer or an owner of fifty percent or more of a corporation licensed under the Township's Ordinance whose license has previously been denied, revoked or suspended.

37.     According to Section IV(E)(4), an applicant is required to disclose whether it holds other licenses under the Franklin Township Ordinance or similar regulation in any other jurisdiction..

38.     An applicant is also required to supply the mailing address and residential address of each applicant and each person signing the application, even those who are not applicants, submit

8

recent photograph, fingerprints recorded by the Morrow County Sheriff, a description of any tattoos the person has that would "normally be visible when that person is on" the business premises, as well as the drivers license number and social security number. Section IV(E)(5)-(11).

39.     A business applicant must also supply a drawing of the interior of the business, accurate to six inches showing where the license, if granted, will be "conspicuously posted." Section IV(E)(13).

40.     Section V(A) of the Regulations provides that, on receipt of an application for a business license, the Township shall promptly request that the Morrow County Sheriff's Department review the information in the application concerning the applicant's criminal background and commands the Sheriff to provide the results of its investigation, in writing, to the Township within five days of its completion.

41.     Further, while Section V(A) directs the Sheriff to provide Franklin Township with the results of its investigation within 5 days of its being completed, the Ordinance does not impose any time limit on the County Sheriff to complete his or her investigation in the first instance.

42.     Indeed, Franklin Township has no authority to compel the Morrow County Sheriff to conduct any investigation or provide it with the results of its investigation within any time period of time.

43.     Section V(B) states that within five days of the receipt of an application, the Township shall notify the Mount Gilead Fire Chief and Health Commissioner of the application, and request that those individuals "promptly inspect" the premises "to assess compliance with the regulations under their respective jurisdictions."

9

44.     While Section V(C) directs the Fire Chief to provide Franklin Township or its designee with a written certification of whether the premises are in compliance with its regulations within ten days of the receipt of notice of the application, no time is specified for the Health Commissioner to do so.

45.     Franklin Township lacks the power to compel the Mt. Gilead Fire Chief and the Health Commission to act within any time period.

46.     Section V(D) of the Ordinance states that Franklin Township or its designee shall promptly begin "the inspection of the premises" for which the license is sought, and shall complete within ten days after receipt of an application, a written certification of whether the premises are in compliance with the Morrow County Zoning Ordinance, the Morrow County Property Maintenance Code, the provisions of the Ordinance related to the physical characteristics of the premises and whether the Township has received any notice from any state or county agency that the premises is in violation of any applicable state building or property codes." The law does not identify any office or individual charged with the responsibility to perform those inspections.

47.     Section V(E) provides that Franklin Township or its designee shall approve or deny the license within 21 days after receipt of an application, and shall issue it unless the applicant is under the age of 18, has failed to provide all information and documents as requested on the application, other than a social security number, has had a license denied by any other jurisdiction within the past 12 months, has had a license revoked within the past 12 months, if the proposed business would violate or fail to be in compliance with any provision of "this Ordinance, the Morrow County Zoning Ordinance, the Morrow County Property Maintenance

10

Code, or state statute or regulation."

48. The Morrow County Zoning Resolution is inapplicable in Franklin Township. Specifically, the Morrow County Zoning Resolution, states in Section 1.2 that it "shall apply to and be in effect for the unincorporated areas of townships of Morrow County, Ohio that lawfully adopt this Resolution pursuant to the provisions of the Ohio Revised Code Chapter 303." *See* Ex. C, attached.

49. Franklin Township has not adopted the Morrow County Zoning Resolution pursuant to the provisions of Ohio Revised Code Chapter 303.

50. What is more, the Morrow County Zoning Resolution does not allow sexually oriented business to locate anywhere as a matter of right. Rather, Section 4 of the Zoning Resolution, which governs conditional uses, provides that sexually oriented businesses are allowed only as conditionally permitted uses for which permission must be obtained from the Morrow County Board of Zoning Appeals. *See* Ex. D, attached.

51. Indeed, under Section 4.1 of the County Zoning Resolution, the Morrow County Board of Zoning Appeals is allowed to deny a conditional use application if it determines the proposed use will, among other things, be "detrimental to property values in the immediate vicinity; will adversely affect the existing use of the adjacent property owners; if its design and construction do not meet the approval of the township, county or state agencies, where applicable as to all access drives, access points to public streets, driveways, parking and service areas; if it does not meet the requirements of Ohio EPA and Morrow County Soil and Water Conservation District for storm water runoff, when applicable; is not "properly landscaped, where applicable, pursuant to Section [sic] or when specified as a condition for approval" or will not be "constructed and

11

maintained in a neat, orderly and safe condition." *Id.*

52.     In addition, a conditional use, by definition, is only authorized for a single year, and a conditional use certificate issued by the Morrow County Board of Zoning Appeals, must be renewed each year by the Zoning Inspector.

53.     The Morrow County Board of Zoning Appeals lacks the authority to grant a conditional use certificate in connection with property over which it has no jurisdiction and to which the Morrow County Zoning Resolution does not apply, and the Franklin Township Board of Trustees has no authority to compel the Board of Zoning Appeals to act on an application for a conditional use certificate.

54.     There is no procedure set out in the Zoning Resolution describing how one applies to renew a conditional use permit, nor is there any requirement for the Zoning Inspector to act on a renewal application within any specified period of time, thus conferring on the inspector complete discretion.

55.     In the event that the Zoning Inspector denies renewal or does not act on the renewal application before the one-year conditional use permit expires, a business cannot operate lawfully.

56.     In addition to Franklin Township not adopting the Morrow County Zoning Resolution, it has not adopted the Morrow County Property Maintenance Code, compliance with which is a prerequisite to obtain a license, either.

57.     In the event that a license application is denied by Franklin Township or its designee, Section XI states that an aggrieved applicant may appeal that decision to the Franklin Township Board of Trustees, and if that body does not grant relief, it may appeal to the Morrow County

Common Pleas Court pursuant to Chapter 2506 of the Revised Code.

58.     The Revised Code does not authorize Franklin Township to delegate its licensing authority to a designee, which means that the Franklin Township Board of Trustees, the same body that decides whether a license should issue, under the Regulations, also is vested with the power to decide whether its decision to deny the application was proper.

59.     Section IX(B) of the Township's law authorizes the suspension of a license if a licensee prohibits, refuses to allow, or interferes with an inspection of the premises "as authorized by Section V, subsections (B) and (C) of this Ordinance or any other reasonable inspection." *Id*.

60.     Franklin Township has no authority under the Revised Code to delegate its licensing duties to a designee.

Franklin Township's Criminal Ordinance

61.     The same day that it adopted the Regulations, Franklin Township also adopted "Regulations Governing Criminal Conduct in Sexually Oriented Businesses" ("Criminal Ordinance').

62.     Many of the kinds of defects that permeate the "Regulations Governing Sexually Oriented Businesses and Employees," are also present in the Criminal Ordinance.

63.     For example, the Board of Trustees enacted that law by way of an Ordinance rather than by adopting a resolution, as the Revised Code requires; it defines specific terms by giving them the same meaning as used in Section 2907.40 of the Revised Code, while the enabling statute, Ohio Rev. Code §503.52, provides that the definitions used in a resolution adopted by a township's board of trustees have the same meaning as are used in Ohio Rev. Code §2907.39; and, it contains sections and passages that are footnoted, whose text makes no sense.

13

64.     Section III of the Criminal Ordinance contains its substantive provisions, and while many

of them do not apply to a retail business such as Plaintiff's that does not provide onsite

entertainment, Section III(C) requires the construction of at least one "operator's station," a place

from which an unobstructed, direct line of sight view of all areas of the store where patrons are

allowed.

65.     Because the Criminal Ordinance requires that there be direct line of sight from the

operator's station, the use of round or convex mirrors to accomplish that purpose are not allowed.

66.     The Criminal Ordinance also requires that an employee be situated in the operator's

station whenever a patron is in the business. Thus, if an employee were on duty and stocking

shelves, sweeping the floor, or performing other work and a customer entered the store, that

employee would be forced to immediately abandon his duties and retreat to the operator's station.

67.     Further, because the Criminal Ordinance requires an employee be in the operator's station

whenever a patron is in the store, an employee is rendered unable to assist a customer by showing

her or him merchandise, going into the stockroom to see if merchandise that is not on the store's

shelves is available for purchase, or perform many of the other tasks that employees in retail

stores do every day to assist their customers.

68.     Section V of the Criminal Ordinance provides that "Any person, business or entity

violating or refusing to comply with any provisions of this Ordinance. . . shall, upon conviction,

be deemed guilty of a misdemeanor and shall be punished by forth [sic] degree felony."

COUNT I

69.     Plaintiff incorporates paragraphs 1 through 68 of its complaint as though fully rewritten.

70.     The Franklin Township Regulations Governing Sexually Oriented Businesses and

14

Employees are unconstitutional under the First and Fourteenth Amendments to the United States

Constitution, both on their face and as applied, for each of the following reasons:

      a.      The Regulations operate as a prior restraint on the dissemination and exhibition of constitutionally protected expression;

      b.      The Regulations vest arbitrary and unfettered discretion to grant or deny a conditional use permit and to attach such additional conditions and safeguards the County Board of Zoning Appeals determines;

      c.      The Regulations vest arbitrary and unfettered discretion to grant or deny the renewal of a conditional use permit;

      d.      The Regulations do not assure the issuance or denial of a conditional use permit or the denial or the renewal thereof within a short, specified period of time or maintain the *status quo* if such a permit is not renewed;

      e.      The Regulations do not permit judicial review of a license application;

      f.      The Regulations are unconstitutionally overbroad;

      g.      The Regulations are unconstitutionally vague;

      h.      The Regulations deprive plaintiff of the equal protection of the law;

      i.      The Regulations operate to chill protected speech;

      j.      The Regulations impose unlawful content-based restrictions on speech;

      k.      The Regulations do not survive either strict or intermediate scrutiny;

      l.      The Regulations do not further a substantial or compelling governmental interest in a narrowly tailored way;

      m.      The Regulations do not provide for alternative avenues of communication;

      n.      The Regulations operate as a zone out of constitutionally protected expression as they do not permit adult entertainment establishments to operate as a matter of right anywhere within the Township;

      o.      The Regulations do not leave open constitutionally sufficient alternative avenues of communication;

15

p.      Plaintiff's business does not cause and is not correlated with any of the adverse secondary effects claimed to justify regulation of sexually oriented businesses and, therefore, the Regulation's provisions are unconstitutional as applied to plaintiff;

q.      The Regulations impose an unconstitutional and excessive fee to engage in constitutionally protected activity;

r.      The Regulations violate due process because an appeal from the denial of a license application is heard by the same body that denied the application in the first instance.

71.    Plaintiff is therefore entitled to a declaration that the Franklin Township Regulations are unconstitutional under the First and Fourteenth Amendments to the United States Constitution on their face and as applied to Plaintiff.

## COUNT II

72.    Plaintiff incorporates paragraphs 1 through 71 of its complaint as though fully rewritten.

73.    Franklin Township's Regulations deprive and threaten to deprive Plaintiff of its rights secured by the First and Fourteenth Amendments to the United States Constitution to engage in expressive activity and to be free from prior restraint; to be free from vague and overbroad laws; to be free from unreasonable searches, all of which threatens to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

74.    By reason of Defendant's conduct and threatened conduct and the irreparable harm Plaintiff will suffer, Plaintiff is entitled to a temporary restraining order, preliminary injunction and after final hearing, a permanent injunction demanded hereunder.

## COUNT III

75.    Plaintiff incorporates paragraph 1 through 74 of its complaint as though fully rewritten.

76.    Franklin Township's Criminal Ordinance is unconstitutional under the First and

Fourteenth Amendments both on its face and as applied, for each of the following reasons:

     a.     It operates to chill protected speech;

     b.     It imposes unlawful content-based restrictions on speech;

     c.     It does not survive either strict or intermediate scrutiny;

     d.     It does not further a substantial or compelling governmental interest in a narrowly tailored way;

     e.     It is unconstitutionally vague;

     f.     It is unconstitutionally overbroad;

     g.     Plaintiff's business does not cause and is not correlated with any of the adverse secondary effects claimed to justify the regulation of sexually oriented businesses and, therefore, its provisions are unconstitutional as applied to plaintiff.

77.     Plaintiff is therefore entitled to a declaration that the Criminal Ordinance is unconstitutional under the First and Fourteenth Amendments, both on its face and as applied.

COUNT IV

78.     Plaintiff incorporates paragraphs 1 through 77 of its complaint as though fully rewritten.

79.     Franklin Township's Criminal Ordinance deprives and threatens to deprive Plaintiff of its rights secured by the First and Fourteenth Amendments to the United States Constitution to engage in expressive activity and to be free from prior restraint; to be free from vague and overbroad laws and laws that chill speech, all of which threatens to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

80.     By reason of Defendant's conduct and threatened conduct and the irreparable harm Plaintiff will suffer, Plaintiff is entitled to a preliminary injunction and after final hearing, a permanent injunction demanded hereunder.

COUNT V

81.    Plaintiff incorporates paragraphs 1 through 80 as though fully rewritten.

82.    The Franklin Township Regulations are null and void under Ohio law for each of the

following reasons:

       a.     The Regulations were not adopted pursuant to a resolution by the Township Trustees;

       b.     Franklin Township has no authority to enact an ordinance;

       c.     The Regulations deviate from and exceeded the authority granted to Franklin Township by the Ohio Revised Code;

       d.     Franklin Township lacks the authority to incorporate and enforce the Morrow County Zoning Resolution by way of the Regulations without first having adopted the Zoning Resolution;

       e.     Franklin Township  lacks the authority to incorporate and enforce the Morrow County Property and Maintenance Code into the Regulations without first having adopted the Property and Maintenance Code;

       f.     Franklin Township lacks the authority to compel the performance of any duties upon non-Township officials;

       g.     Franklin Township  lacks the authority to create and impose penalties for felony offenses;

       h.     The Regulations violate the separation of powers by first having the Township decide whether a license application should be granted or denied and then adjudicating an appeal that may be taken from that denial.

       i.     Franklin Township lacks the authority to delegate the licensing authority granted to it by the General Assembly to a designee.

       j.     The Regulations are improper because they omit key terms, have missing footnotes, and contain an Appendix that is incomprehensible.

83.    Plaintiff is therefore entitled to a declaration that the Regulations are null and void, and

were improperly enacted as a matter of Ohio law.

18

## COUNT VI

84.     Plaintiff incorporates paragraphs 1 through 83 of its complaint as though fully rewritten.

85.     By reason of the Regulations being improperly adopted, exceeding the authority conferred on Franklin Township under the Ohio Revised Code, and being null and void, their enforcement and threatened enforcement deprives and threaten to deprive Plaintiff of its rights under Ohio law to be free from improperly adopted laws, and from laws that are null and void, all of which causes and threatens to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

86.     By reason of Defendant's conduct and threatened conduct and the irreparable harm Plaintiff will suffer, Plaintiff is entitled to a preliminary injunction and after final hearing, a permanent injunction demanded hereunder.

## COUNT VII

87.     Plaintiff incorporates paragraphs 1 through 86 as though fully rewritten.

88.     Franklin Township's Criminal Ordinance is null and void under Ohio law for each of the following reasons:

>   a.      It was not adopted pursuant to a resolution by the Township Trustees;
>
>   b.      Franklin Township has no authority to enact an ordinance;
>
>   c.      Its deviates from and exceeds the authority granted to Franklin Township by the Ohio Revised Code;
>
>   d.      Franklin Township  lacks the authority to create and impose penalties for felony offenses;
>
>   e.      It omits key terms and contains footnotes that are incomprehensible and make no sense.

89.     Plaintiff is therefore entitled to a declaration that the Criminal Ordinance is null and void,

and was improperly enacted as a matter of Ohio law.

COUNT VIII

90.    Plaintiff incorporates paragraphs 1 through 89 of its complaint as though fully rewritten.

91.    By reason of the Criminal Ordinance being improperly adopted, exceeding the authority conferred on Franklin Township under the Ohio Revised Code, and being null and void, their enforcement and threatened enforcement deprives and threaten to deprive Plaintiff of its rights under Ohio law to be free from improperly adopted laws, and from laws that are null and void, all of which causes and threatens to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

92.    By reason of Defendant's conduct and threatened conduct and the irreparable harm Plaintiff will suffer, Plaintiff is entitled to a preliminary injunction and after final hearing, a permanent injunction demanded hereunder.

WHEREFORE, Plaintiff demands upon Count I of its complaint, a declaration that the Regulations are unconstitutional on their face and as applied under the First and Fourteenth Amendments to the United States Constitution; and,

Upon Count II of its complaint, a preliminary injunction and permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing the Regulations against Plaintiff, its agents, and employees; and,

Upon Count III of its complaint, a declaration that the Criminal Ordinance is unconstitutional on its face and as applied under the First and Fourteenth Amendments to the

20

United States Constitution; and,

Upon Count IV of its complaint, a preliminary injunction and permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing the Criminal Ordinance against Plaintiff, its agents, and employees; and,

Upon Count V of its complaint, a declaration that the Regulations were improperly adopted, exceed Franklin Township's authority and are null and void under Ohio law; and,

Upon Count VI of its complaint, a preliminary injunction and permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing the Regulations against Plaintiff, its agents and employees; and,

Upon Count VII of its complaint, a declaration that the Criminal Ordinance was improperly adopted, exceeds Franklin Township's authority and is null and void under Ohio law; and,

Upon Count VIII of its complaint, a preliminary injunction and permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing the Criminal Ordinance against Plaintiff, its agents and employees; and,

Upon all counts of its complaint, the costs and expenses of maintaining this action,

including Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and any other relief,

whether legal or equitable, to which Plaintiff may be entitled.

/s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
STEVEN D. SHAFRON(0039042)
sshafron@bgmdlaw.com
WILLIAM C. LIVINGSTON (0089538)
wlivingston@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio  44113-1949
(216) 781-5245
(216) 781-8207 (fax)

Attorneys for Plaintiff